UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES ROMO, ) | Case No. SACV 16-525 PA(JC) |
| Petitioner, ) | |
| v. ) | ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS TIME-BARRED |
| R.J. DONOVAN WARDEN, et al., ) | |
| Respondents. ) | |

On March 15, 2016, petitioner signed and is deemed to have constructively filed[1] a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), which was formally filed on March 21, 2016. The Petition challenges petitioner's February 5, 2008 conviction in Orange County Superior Court. (Petition at 2). Petitioner appears to claim: (1) the trial court improperly denied a motion to suppress his statement to the police because petitioner was given his Miranda[2] rights in English, not Spanish (Grounds One and Four); (2) petitioner was not afforded an interpreter at trial and/or during his arrest (Ground Two); and (3) petitioner was denied the effective assistance of appellate counsel (Ground

---

[1] See Houston v. Lack, 487 U.S. 266, 276, (1988).

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

1

Three). (Petition at 5-6). Based upon the Petition and California State Court dockets as to which the Court has taken judicial notice,[3] and for the reasons discussed below, the Court orders petitioner to show cause why the Petition should not be dismissed as time-barred.

Pursuant to 28 U.S.C. § 2244(d), a one-year statute of limitations applies to a petition for a writ of habeas corpus by a person in state custody. The limitation period runs from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, it appears that petitioner had one year from the date his conviction became final to file a federal habeas petition. Petitioner's conviction became final on Monday, January 4, 2010 – effectively forty (40) days after the California Court of Appeal filed its opinion on November 24, 2009 – when the

---

[3]The Court takes judicial notice of the dockets of the following California cases, available via http://appellatecases.courtinfo.ca.gov: (1) The People v. Andres Salcedo Romo, California Court of Appeal, Fourth District, Division 3 ("Court of Appeal"), Case No. G040469; and (2) Romo (Andres) on Habeas Corpus, California Supreme Court Case No. S230247. See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts). The Court further takes judicial notice of the opinion of the Court of Appeal in Case No. G040469, available at 2009 WL 4049122 (Nov. 24, 2009), which reflects that on direct appeal, the Court of Appeal affirmed the judgment and rejected the same challenge to the trial court's denial of petitioner's motion to suppress his statement to the police that is asserted in the Petition.

time to file a petition for review with the California Supreme Court expired.[4]  See Cal. R. Ct. 8.366(b)(1), 8.500(e)(1); Smith v. Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002), abrogation on other grounds recognized by Moreno v. Harrison, 245 Fed. Appx. 606, 608 (9th Cir. 2007), cert. denied, 552 U.S. 1121 (2008). Therefore, the statute of limitations commenced to run on January 5, 2010, and absent tolling, expired on January 4, 2011.

Title 28 U.S.C. § 2244(d)(2) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year statute of limitations period.  Petitioner "bears the burden of proving that the statute of limitations was tolled."  Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010), cert. denied, 131 S. Ct. 3023 (2011).  The statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case pending during that interval.  Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) (citations omitted). The record does not reflect that petitioner either filed, or had pending any state habeas petition during the period in which the statute of limitations was running – January 5, 2010 to January 4, 2011.  Rather, it appears that petitioner filed a single collateral challenge to the judgment in issue more than four years later – a habeas petition filed on or about October 28, 2015 in California Supreme Court Case No. S230247, which such court denied on January 27, 2016.  Petitioner's late-filed state habeas petition cannot toll the statute of limitations.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.) (section 2244(d) does not permit reinitiation of limitations period that ended before state petition filed), cert.

---

[4]As January 3, 2010, the fortieth day after November 24, 2009, was a Sunday, January 4, 2010 was the final day for petitioner to timely file a petition for review.  California Code of Civ. Proc. §§ 10, 12a(a); Cal. R. Ct. 8.60(a); Lopez v. Felker, 536 F. Supp. 2d 1154, 1156-57 & n.3 (C.D. Cal. 2008).

denied, 540 U.S. 924 (2003). Consequently, it does not appear that statutory tolling can render the Petition timely filed.

In addition to statutory tolling, the limitations period may also be subject to equitable tolling if petitioner can demonstrate both that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010). It is a petitioner's burden to demonstrate that he is entitled to equitable tolling. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir.), cert. denied, 537 U.S. 1003 (2002). To date, it does not appear from the face of the Petition or the current record that petitioner has met such burden.

Finally, in rare and extraordinary cases, a plea of actual innocence can serve as a gateway through which a petitioner may pass to overcome the statute of limitations otherwise applicable to federal habeas petitions. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013); see also Lee v. Lampert, 653 F.3d 929, 934-37 (9th Cir. 2011) (en banc). "[A] petitioner does not meet the threshold requirement unless he [or she] persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him [or her] guilty beyond a reasonable doubt." Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). In order to make a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup, 513 U.S. at 324. The habeas court then "consider[s] all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." Lee, 653 F.3d at 938 (internal quotations omitted; citing House v. Bell, 547 U.S. 518, 538 (2006)). On this record, the court "must make a 'probabilistic determination about what reasonable, properly instructed jurors would do.'" House, 547 U.S. at 538 (quoting Schlup, 513 U.S. at 329). Unexplained or unjustified delay in presenting

new evidence is a "factor in determining whether actual innocence has been reliably shown." Perkins, 133 S. Ct. at 1928, 1935; Schlup, 513 U.S. at 332 ("A court may consider how the timing of the submission and the likely credibility of a [petitioner's] affiants bear on the probable reliability of . . . evidence [of actual innocence]."). Here, petitioner has not submitted new, reliable evidence to cast doubt on his conviction to permit the Court to consider his apparently otherwise time-barred claims.

For the reasons discussed above, based upon the Petition as currently submitted, 28 U.S.C. § 2244(d)(1) appears to bar this action. Petitioner is therefore ORDERED TO SHOW CAUSE by not later than **April 13, 2016** why this action should not be dismissed as time-barred. Petitioner is advised that he has the right to submit declarations, affidavits, or any other relevant evidentiary materials with his response to this Order to Show Cause. All affidavits and declarations must be signed under penalty of perjury by persons having personal knowledge of the facts stated in the affidavits or declarations.

Instead of filing a response to the instant Order to Show Cause, petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). If he elects to proceed in that manner, he may sign and return the attached Notice of Dismissal. However, petitioner is advised that any dismissed claims may later be subject to dismissal as time-barred under 28 U.S.C. § 2244(d)(1).

///
///
///
///
///
///
///

Petitioner is cautioned that the failure timely to respond to this Order to Show Cause and/or to show good cause may result in the dismissal of this action with prejudice based upon petitioner's claims being time-barred, petitioner's failure to comply with the Court's orders, and/or petitioner's failure to prosecute.

IT IS SO ORDERED.[5]

DATED: March 24, 2016

/s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[5] The Court's determinations and order herein constitute non-dispositive rulings on pretrial matters. To the extent a party disagrees with such non-dispositive rulings, such party may file a motion for review by the assigned District Judge within fourteen (14) days. See Local Rule 72-2.1. To the extent a party believes the rulings to be dispositive, rather than non-dispositive, such party has the right to object to this Court's determination that the rulings are non-dispositive within fourteen (14) days. A party will be foreclosed from challenging the rulings herein if such party does not seek review thereof, or object thereto.